Shellebarger Elevator Co. v. Jenson, 190 Ill. App. 449.

For the reasons indicated the judgment of the Circuit Court will be reversed and the cause remanded with directions to set aside the judgment and to set aside the verdict and grant a new trial.

*Reversed and remanded with directions.*

**Shellebarger Elevator Company, Appellant, v. Jens Jenson, Appellee.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Ford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

**Statement of the Case.**

Action of assumpsit by Jens Jenson against Shellebarger Elevator Company to recover for corn sold defendant.

Plaintiff contended and introduced evidence to show that he had sold certain corn to defendant. Defendant introduced evidence showing that there was no contract of sale but that the grain was received by it in storage only. The elevator and the grain were destroyed by fire about two years and a half after the date the sale was claimed to have been made.

The declaration contained only the common counts, but defendant filed in addition to the general issue a special plea alleging that at the time it was operating a class B elevator and received grain on storage only. Issue was joined on this plea by general replication.

The trial resulted in a verdict by the jury for the plaintiff and judgment was entered thereon. From this judgment, defendant appeals.

Shellebarger Elevator Co. v. Jenson, 190 Ill. App. 449.

A. L. Phillips and J. R. Fitzgerald, for appellant.

Schneider & Schneider, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

## Abstract of the Decision.

1. Instructions, § 114*—*when not clear.* In an action to recover for grain which plaintiff claimed was sold to defendant and defendant claimed was received on storage and destroyed by fire, where the defendant filed, in addition to the general issue a special plea on which issue was joined by a general replication, an instruction that "unless the defendant has shown by the greater weight of the evidence that at the time of the fire in question, it, the defendant, had stored in the elevator as much corn as of good quality and grade as that delivered to the defendant by the plaintiff, as it was then chargeable for to all other parties who had corn of that character stored in the elevator, it will be your duty to find for the plaintiff on that issue," is improper in that it does not state to what issue it has reference.

2. Instructions, § 114*—*when order of findings not properly stated.* In an action to recover for grain which plaintiff claims was sold to defendant and defendant claims was received for storage in its elevator and burned without its fault, an instruction to the jury to consider how much grain the defendant had in the elevator at the time it was burned, which does not direct that they shall first find whether the contract was one of storage or of sale, is improper.

3. Instructions, § 114*—*when not conforming to issues.* Where, in an action to recover for grain, plaintiff claims that the grain was sold to defendant and defendant claims that it was received by it for storage in its elevator and while so stored was burned without its fault, it is error to instruct that, "the defendant has pleaded as one of his defenses that the corn in question was stored in the elevator and not sold as claimed by the plaintiff; before you will be justified under the law to find for the defendant on that issue, you must believe from the greater weight of the evidence that defendant has shown that it, the defendant, used reasonable care and diligence to protect the corn from loss by fire."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.